**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| My Oil Key, LLC | ) | Case No.:  25-cv-3944 |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | Judge: |
|  | ) |  |
| The Partnerships and Unincorporated | ) | Magistrate: |
| Associations Identified in | ) |  |
| Schedule "A", | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## COMPLAINT

My Oil Key, LLC ("Plaintiff"), hereby files this Complaint for patent infringement against Defendants listed in Schedule A to the Complaint, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

### THE PARTIES

1. Plaintiff is a Utah limited liability company with a principal place of business located in Clinton, Utah. Plaintiff owns the United States Patent which is attached as Exhibit 1. (hereafter "Asserted Patent").

2. The Asserted Patent is being infringed by a cabal of foreign counterfeiters intent on exploiting unknowing online consumers.  This infringing behavior harms Plaintiff.

3. Defendants, identified in Schedule A, are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions.  The true names, identities, and addresses of Defendants are currently unknown.

4.  Defendants conduct their illegal operations through fully interactive commercial websites on the third party platforms Amazon.com and Alibaba.com ("Infringing Websites" or "Infringing Webstores").  Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit and/or infringing products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5.  Through the operation of their Infringing Webstores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Counterfeit Products as alleged, often times as partners, co-conspirators, and/or suppliers.

6.  Upon information and belief, Defendants are an interrelated group of counterfeiters and patent infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products.

7.  Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting and infringing operations.  The identities of these Defendants are presently unknown.  If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

8.  Defendants have created the Defendant Internet Stores, operate under one or more aliases, and are advertising, offering for sale and selling Counterfeit Products to unsuspecting consumers. Defendant Internet Stores share unique identifiers, establishing a logical relationship between them and suggesting that Defendants' counterfeiting

actions arise out of the same transaction or occurrence, or series of transactions or occurrences.

9.   Defendants are primarily Chinese and all market counterfeit products and/or market their products that infringe the patent of Plaintiff.  On information and belief, all Defendants source their goods from a common manufacturer or consortium of manufacturers under the direction or influence of local or national governments.

## PLAINTIFF'S PATENTS

10.   The Asserted Patent was duly and legally issued by the United States Patent and Trademark Office.

11.   Plaintiff is the lawful owner of the Asserted Patent. Plaintiff is the owner and assignee of all substantial rights, title and interest in the Asserted Patent, including the right to bring this action and enforce the Asserted Patent against infringers, and to collect damages for all relevant times.

## PLAINTIFF'S TRADEDRESS

12.   Plaintiff sells patented oil opener keys through etsy.com. Plaintiff sells different styles and shapes of oil opener keys that practice the Asserted Patent.

13.   One very successful style of oil opener key sold by Plaintiff is the "Big Cheese."

14.   Plaintiff designed the "Big Cheese" design to resemble a block of Swiss cheese as seen from the side. The "Big Cheese" design is a rectangular shape oil opener key with three circular apertures in the middle of the rectangle, a half circle cutout on one end of the long side of the rectangle, and a second half circle cutout on the opposite end of the other long side of the rectangle (hereafter "Big Cheese Design"). Attached as Exhibit 2 is a true and accurate copy of Plaintiff's product showing the "Big Cheese Design."

15. Plaintiff is the owner of the Big Cheese Design.

16. The Big Cheese Design is valid, distinctive, and nonfunctional.

17. Plaintiff has promoted the Big Cheese Design and the Big Cheese Design has generated consumer goodwill and recognition for Plaintiff's products.

18. Plaintiff has not licensed or assigned the Big Cheese Design to any of the Defendants in this matter.

**JOINDER OF DEFENDANTS**

19. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly Plaintiff's Asserted Patent. Each e-commerce store operating under the aliases by the Defendants offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

20. Upon information and belief, each of the Defendants are working in active concert with an unknown manufacturing entity located in China to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same infringing product. Attached as Exhibit 3 is a true and accurate copy of a listing by

the suspected manufacturer located in China and offering the infringing product sold by

the Defendants. The suspected manufacturer is also a Defendant listed on Schedule "A."

21.    There are questions of fact common to all Defendants. All Defendants are infringing the

Accused Patents by making, selling, and/or importing the same infringing product into

the United States. Upon information and belief, the accused products are sourced from

the unknown manufacturing entity acting in concert with each of the Defendants. Each of

the Defendants are selling the same product manufactured by the unknown

manufacturing entity. By selling the same accused product, each of the Defendants are

infringing the claim of the Accused Patent in the same way.

22.    The accused products infringe the Asserted Patent.

### JURISDICTION AND VENUE

23.    This action arises under the patent laws of the United States, Title 35 of the United States

Code, and the trademark laws of the United States, Title 15 of the United States Code.

This Court has original jurisdiction over this action pursuant to 35 U.S.C. § 1 *et seq.*, 15

U.S.C. § 1121, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has

jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367,

over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the

State of Illinois.

24.    This Court has personal jurisdiction over Defendants in that they transact business in the

State of Illinois and in the Northern District of Illinois.

25.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are

entities or individuals subject to personal jurisdiction in this District.  Venue is also

proper in this District because a substantial part of the events or omissions giving rise to

the claims occurred in this District and Defendants directly target business activities

towards consumers in the State of Illinois. Specifically, Defendants have targeted sales to

Illinois residents, offered shipping to the United States, including Illinois, accepted

payment in U.S. dollars and, on information and belief, have sold products infringing

Plaintiff's patent to residents of Illinois. Each of the Defendants is committing tortious

acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff

substantial injury in the State of Illinois.

## BACKGROUND FACTS

26.    Plaintiff is engaged in the business of manufacturing, distributing, and retailing products

covered by the Asserted Patent (collectively, "Plaintiff's Products").  Defendants' sales

of similar and substandard copies of Plaintiff's Products ("Counterfeit Products") are in

violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

27.    Plaintiff is the owner of all rights, title, and interest in and to, the Asserted Patent and Big

Cheese Design.  The Asserted Patent is valid, subsisting, and enforceable.

28.    Plaintiff's product, symbolized by the Big Cheese Design, is a unique and original

design.

29.    Plaintiff maintains quality control standards for all of Plaintiff's products, including those

sold under the Big Cheese Design.

30.    The Asserted Patent and Big Cheese Design have never been assigned or licensed to any

of the Defendants in this matter.

31.    Further, Plaintiff has expended substantial time, money, and other resources developing,

advertising, marketing, and otherwise promoting products covered by the Big Cheese

Design.

32. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Asserted Patent and Big Cheese Design, including its exclusive right to use and license such intellectual property.

33. Recently, and for a while in the past, Plaintiff has identified products covered by the Asserted Patent on the Infringing Webstores and felt the impact of Counterfeit Products designed to resemble authorized retail Internet stores selling the genuine products that Defendants had reproduced, displayed, and distributed without authorization or license from Plaintiff in violation of the Asserted Patent and Big Cheese Design.

34. Defendants have manufactured, imported, distributed, offered for sale, and sold Counterfeit Products infringing the Asserted Patent and Big Cheese Design and continue to do so.

35. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Asserted Patent and Big Cheese Design in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, *inter alia*, the Internet. The Counterfeit Products are not genuine products sold by Plaintiff under the Asserted Patent. The Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

36. Defendants falsely advertise the sale of illegitimate products through the Infringing Webstores. Defendants' Infringing Webstore listings appear to unknowing consumers to

be legitimate web stores and listings, authorized to sell genuine products bearing the Big Cheese Design.

37.     Defendants also deceive unknowing consumers by using the Big Cheese Design without authorization within the content of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches.

38.     Indeed, U.S. Customs and Border Protection ("CBP") reports in a January 2020 publication on counterfeiting that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

> Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

39.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant Internet Stores use identical or equivalent language to sell Unauthorized Products.

40.     In addition, the Unauthorized Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

41.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Goods that infringe upon the Asserted Patent and Big Cheese Design unless preliminarily and permanently enjoined.

42.     Plaintiff has no adequate remedy at law.

## COUNT ONE
## PATENT INFRINGEMENT
### (35 U.S.C. § 271)

43.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

44.     Plaintiff's Asserted Patent is valid and enforceable.

45.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Counterfeit Products that infringe directly and/or indirectly the claims in the Asserted Patent.

46.     The Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe all claims of the Asserted Patent, directly or indirectly, by making, using, offering to sell, selling, and/or importing the accused products identified in Schedule A to the Complaint in the United States.

47.     The Defendants have willfully and deliberately infringed the claims of the Asserted Patent. The Defendant's infringement of the Asserted Patent is obvious and notorious. The Defendants have no good faith basis that the Unauthorized Products do not infringe the Asserted Patent. The willful infringement, without regard to Plaintiff's patent rights, constitute egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

48.     By reason of the ongoing and continuous infringement of the Asserted Patent by the Defendants, Plaintiff is entitled to the entry of a permanent injunction enjoining the Defendants from further infringing Plaintiff's patent rights, pursuant to 35 U.S.C. § 283.

49.     Plaintiff has suffered, and is continuing to suffer, damages as the Defendants'

infringement of the Asserted Patent, and Plaintiff is entitled to compensation, including

Defendants' profits, and other monetary relief to the fullest extent allowed by law,

including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

**COUNT TWO**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OF BIG CHEESE**
**DESIGN**
**(Lanham Act, 15 U.S.C. § 1125)**

50.    The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth

herein.

51.    The Counterfeit Products sold and offered for sale by Defendants are of the same nature

and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such,

Defendants' use is likely to cause confusion to the general purchasing public.

52.    By misappropriating and using the Plaintiff's Big Cheese Design, Defendants

misrepresent and falsely describe to the general public the origin and source of the

Counterfeit Products and create a likelihood of confusion by consumers as to the source

of such merchandise.

53.    Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for

sale, and/or sale of the Counterfeit Products creates express and implied

misrepresentations that the Counterfeit Products were created, authorized or approved by

the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

54.    Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a), in that Defendants' use of the Big Cheese Design in connection with their

goods and services in interstate commerce, constitutes a false designation of origin and

unfair competition.

55.    The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not

enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

56.    All Defendants misrepresented and failed to disclose material facts related to Plaintiff's Products including, but not limited to:

    a.   That their offerings were unauthorized reproductions;

    b.   Their lack of relationship and unaffiliation with Plaintiff, the official creator of Plaintiff's Products;

    c.   The counterfeit nature of the Defendants' products offered.

57.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products, Defendants have actually offered and did ship goods in interstate commerce.

58.    Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and Plaintiff's Products to induce, and did induce and intends and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through nationwide marketing, advertising, sales, and cumulative consumer recognition.

59.    Defendants' advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to

deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Counterfeit Products.

60.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

61.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of his products marketed under Plaintiff's Products, as well as other similar products.

62.     The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to his goodwill and reputation.

63.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

**COUNT THREE**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES**
**(815 ILCS 510)**

64.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

65.     The Counterfeit Products sold and offered for sale by Defendants are of the same nature

and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

66. By misappropriating and using the Plaintiff's Big Cheese Design, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

67. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

68. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendants' use of the Plaintiff's Products in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

69. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

70. As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from its infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on

all counts as follows:

1. A judgment against Defendants as to infringement of the claims of the Asserted Patent;

2. Preliminary and permanent injunctions under 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringing, inducing infringement, and/or contributing to the infringement of Asserted Patent, including:

   a. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, covered by the Asserted Patent or any reproductions, counterfeit copies, or colorable imitations thereof;

   b. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

   c. operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product covered by the Asserted Patent or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold; and

   d. possessing any product covered by the Asserted Patent or any reproduction,

counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Asserted Patent. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods;

3. An award of damages for Defendants' infringement of the Asserted Patent in an amount to be determined at trial as provided under 35 U.S.C. § 284, including enhanced damages due to, for example, Defendants' willful infringement of the Asserted Patent;

4. An award of pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

5. A finding that this case is an exceptional case under 35 U.S.C. § 285;

6. An award of reasonable attorneys' fees and costs incurred in connection with this action;

7. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

8. That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

9. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit

Products under the Asserted Patent; and

10. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: April 11, 2025                                By: _____ /s/ Kevin Keener _____
                                                                        Kevin J. Keener
                                                                        DC # 6296898
                                                                        Keener & Associates, P.C.
                                                                        161 N. Clark Street, Suite #1600
                                                                        Chicago, IL 60601
                                                                        (312) 375-1573
                                                                        kevin.keener@keenerlegal.com